### JOHN LAIR *v.* SAMUEL Y. REYNOLDS.

**Landlord and Tenant—Lease—Breach of Condition.**

A lessor may waive a breach of condition of the lease, and the lessees have no right to require the lessor to take advantage of the breach.

**Landlord and Tenant—Surrender of Premises—Rent.**

Forfeiture of leased premises to the government by reason of violation of the revenue laws by the lessees, excuses the lessees, at the expiration of the lease, from the obligation to surrender the premises to the lessor, but does not release them from payment of the stipulated rents.

**Landlord and Tenant—Answer—Liability for Rent.**

> An allegation in answer, in an action for rent, that the lessor "had due notice and agreed to look to John H. Lair for liabilities of the firm," cannot be regarded equivalent to the averment that the lessor released defendant from his written undertaking to pay the rent as it accrued.

### APPEAL FROM HARRISON CIRCUIT COURT.

October 10, 1873.

Opinion by Judge Lindsay:

J. H. Lair, etc., obligated themselves not to use the leased premises for any other purpose than that of keeping and operating a distillery under the penalty of a forfeiture of the rights secured them by the lease, but they certainly did not have the right to compel the lessor to take advantage of their breach of contract and insist upon the forfeiture whether he desired to do so or not.

A forfeiture of the premises to the general government incurred by reason of the violation of the revenue laws, by the lessees, excuses them from their undertaking at the expiration of their lease to surrender to the lessor, but does not release them from the payment of the stipulated rental, and the danger of such forfeiture doubtless entered into the consideration of the parties when the amount of rental to be paid was fixed.

Reynolds' petition was filed on the 2d day of May, 1870, and he therein states that he became the beneficial owner of the lease by an assignment made to him by A. K. Lair, the lessor, on the 11th day of December, 1869. The paper exhibited shows that the date of the assignment was December 11, 1870, but this is an evident mistake, as he held, owned and filed the lease with the assignment thereon endorsed in May, 1870. But whether it be a mistake or not appellant is not prejudiced by the judgment for the first year's rent being rendered in favor of Reynolds, as A. K. Lair, the lessor, is a party to the action, and makes no complaint on account of such judgment.

Appellant states that he withdrew from the firm of J. H. Lair, etc., in February, 1869, and that his late partner was to take the property and pay all the partnership debts, and that of this arrangement A. K. Lair, the then owner of the lease, "had due notice and agreed to look to John H. Lair for liabilities of the firm."

This allegation can not be regarded as equivalent to an averment that the lessor released appellant from his written undertaking to pay the rent as it accrued on the leased premises. It is not stated that he agreed to look to John H. Lair for all liabilities of the firm, but merely for "liabilities."

But even if by the most liberal construction of appellant's answer we could conclude that the rental to accrue was included in the "liabilities" for which the lessor was to look to John H. Lair, nothing more than a naked promise upon the lessor's part is disclosed. A promise that he is not bound to comply with, and which he evidently repudiated when he assigned the lease without reservation in appellant's favor to the appellee Reynolds. The demurrer to appellant's amended answer was properly sustained and there being no error in the judgments appealed from, they must be *affirmed*.

*Ward, for appellant.*

*Trimble, for appellee.*